IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ludys C. Nino, | Case No. 3:18-cv-2086 (JCH) |
| Plaintiff, | **MOTION** |
| -against- | **FOR** |
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA; INDYMAC; OCWEN LOAN SERVICING, LLC, *et. al.*, | **RECONSIDERATION** PURSUANT TO FRCP Rule 60(b)(3)(4) |
| Defendant(s). | |

**COMES NOW** the Plaintiff, Ludys C. Nino, to hereby move the Court pursuant to FRCP Rule 60(b)(3)(4), for Reconsideration of relief from a final Order rendered by the Court predicated upon time bar limitations that have enabled and facilitated the perfection of the Defendant(s) fraudulent inducement and fraud upon the Court, whereupon any judgment rendered by the Courts in the adjudication of the cases between the within parties is void.

Plaintiff is certain that the Court is aware that no rights can be acquired by fraud. A judgment for foreclosure procured by fraud is a Void judgment. This Court's ruling that Plaintiff's Complaint is time barred does not address the question of whether the judgments rendered in the State Court is Void as a matter of law. Under the Doctrine of Equity a Party seeking remedy and relief must come with Clean Hands. There are genuine issues of material facts going to the subject matter of this Complaint going to the question of Void judgments being ignored or avoided by this Court. The ruling granting dismissal of the merits of Plaintiff's Complaint does not reach a determination of either the merits of the Plaintiff's claims, or a Defendant's defenses to those claims.

Under Article III of the Constitution, federal Courts can hear "all cases, in law and equity, arising under this Constitution and the laws of the United States…". (U.S. Const., Art III, Sec. 2), and the Supreme Court has interpreted this clause broadly, finding that it allows federal Courts to hear any case in which there is a federal ingredient. (Osborn v. Bank of the United States, 9 Wheat; 22 U.S. 738 (1824).

Plaintiff has submitted a *prima facie* case that the Defendant(s), and each of them, do not have a right to enforce a Mortgage contract that was induced by fraud, nor a foreclosure judgment that was procured by fraud upon the Court using a fraudulently induced Mortgage contract as the basis for their Standing to invoke the State Court's jurisdiction.

State law must first be constitutional—that is, in conformity with the United States Constitution, and then consistent and in conformity with the law of the State in which it has been enacted and based upon that State's Constitution. The existence of Fraud Upon the Court depends on the circumstances of the particular case. It is clear, however, that the evidence alone which Plaintiff has proffered to the Court establishes the fact that the Defendant(s), and each of them, have participated or contributed in perpetrated fraud upon the Court in order to procure a judgment that, for all intents and purposes, have violated Plaintiff's Civil Rights.

Fraudulent inducement, or fraud that is primarily *inter partes*, does not constitute fraud upon the Court absent the encouragement or involvement of the Attorneys involved or other Court involvement. In fact, any fraudulent or perjured matter which was actually presented and considered by the Court in reaching its decision cannot ground such a claim under the doctrine of estoppels. (*See* Outen v. Baltimore County 177 FRD at 349; affirmed, Outen v. Baltimore, 164 F. 3d 625 [4th Cir. 1998]). Therefore, the Attorneys are enablers and co-conspirators in the violation of Plaintiff's Civil Rights.

It is Plaintiff's fervent belief that an indisputable egregious violation of her rights has taken place, and that this Court does have the authority to admit jurisdiction based upon U.S. Const., Art III, Sec. 2, Osborn v. Bank of the United States, 9 Wheat; 22 U.S. 738 (1824), Xilin Jordan v. METRO-NORT COMMUTER RAILROAD COMPANY, Civ. Case No. 3:13-cv-749(JBA), and FRCP Rule 17(b), to mention a few.

WHEREFORE, Plaintiff respectfully submits that the points of law and authority so detailed herein explains that there is indeed a federal question which this Court is not barred to hear this case and should reconsider its ruling to deny Plaintiff's Complaint for time bar restrictions pursuant to FRCP Rule 60(b)(3)(4), and grant this Motion for Reconsideration to restore this case to the Court Calendar for plenary adjudication on its merits, and for such other and further relief as to the Court seems just and proper.

Date: April 2, 2019.
State of Connecticut, County of Fairfield.

Respectfully,

Ludys C. Nino
P.O. Box 4906
Greenwich, CT 06831

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ludys C. Nino,<br><br>　　　　　Plaintiff,<br><br>-against-<br><br>COUNTRYWIDE HOME LOANS, INC.;<br>BANK OF AMERICA; INDYMAC; OCWEN<br>LOAN SERVICING, LLC, *et. al.*,<br><br>　　　　　Defendant(s). | Case No.3:18-cv-2086(JCH)<br><br>**AFFIDAVIT**<br>OF Ludys C. Nino<br>IN SUPPORT OF<br>MOTION FOR RECONSIDERATION<br>PURSUANT TO FRCP RULE 60(b) |

PRELIMINARY STATEMENT

　　Plaintiff, Ludys C. Nino, to hereby respectfully move this Court, pursuant to FRCP Rule 60(b)(3)(4), *et. seq.*, to reconsider its ruling entered into the record on March 22, 2019, dismissing Plaintiff's Complaint for time bar limitations on the following grounds:

1. Reconsideration of the Court's ruling is appropriate in this case to correct a clear or manifest error of law or fact; and

2. To prevent a manifest injustice (Fisherman's Harvest, Inc. v. Post, Buckley, Schuh & Jurnigan, Inc., et. al. No. G-05-0151, 2008 WL 4277001, a *2 [S.D. Tex. Sept 10, 2008]).

ARGUMENT

3. Plaintiff respectfully submits to the Court that it should reconsider its ruling because there are issues concerning a federal question going to the misrepresentation, deceptive conduct and misconduct by the opposing Party(s) that are violative of Plaintiff's constitutional rights as a matter of law as more particularly expounded upon herein, and within the foregoing Motion for Reconsideration.

4. It is common knowledge that a Court may relieve a Party from a final judgment or Order for the following reasons:
    a) Fraud (whether intrinsic or extrinsic), misrepresentation or misconduct by an opposing Party(s). (FRCP 60(b)(3).
    b) "To prevail, the moving Party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation or other misconduct, and the conduct complained of prevented the losing Party from fully and fairly presenting the defense [or case]." (DiSaracho v. Custom Food Machinery, Inc. 206 F.3d 874, 880 (9th Cir. 2000).
5. Plaintiff has proffered to the Court incontrovertible evidence that the Defendant(s), and each of them, did not rebut the merits thereof, the Defendant(s) only cited claim preclusion affirmative defenses that did not dispel the validity of Plaintiff's lawful causes of action.
6. The fact that the Mortgage(s) and Note(s) were made with the fraudulent inducement of Plaintiff's agreement to those Instruments is essential to the Defendant(s) Standing to invoke the Court's jurisdiction in enforcing any equitable claim to Plaintiff's property(s).
7. Therefore, it stands to reason that the foreclosure judgments and any litigation in pursuit of foreclosure against the Plaintiff, is being prosecuted and procured by way of fraud upon the Court; and any judgment procured by way of fraud upon the Court is, as a matter of law, Void.
8. Given the facts and law which Plaintiff made issue of in the content of the Civil R.I.C.O. Complaint, the judgments and foreclosure actions being litigated in the State

Courts under the pretense of a viable Mortgage Loan Agreement that has been fraudulently induced and results in a Void judgment of foreclosure is not time barred because there is no time bar application attributable to Void judgments.

9. Plaintiff respectfully reminds the Court that I am *Pro Se*, and I am not trained in the law, and although I am well enough educated and of reasonable intelligence in construing matters that are integral to the violations of my rights and the law that the opposing Party(s) have perpetrated against my property interests I was not astute enough to look into the fraud which is the subject matter of this Complaint, and the Court's assumption that I should have done so is a denial of Plaintiff's right to full and fair redress of grievance in accordance with the Constitution for these united States of America.

10. Plaintiff has expressly stipulated within the content of my pleadings that the opposing Party(s) have individually and collectively violated federal law as it relates to the facts of my Complaint, particularly the facts stipulated therein that concern unethical and prejudicial conduct.

11. Plaintiff has indisputable evidence that the purported Original Lender(s) have fraudulently induced the Mortgage and Promissory Note that is the subject matter of this Complaint.

12. Plaintiff affirmatively asserts that the Court should reconsider its ruling in this case because a manifest injustice will result from the refusal of the Court to do so.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its ruling dismissing Plaintiff's Complaint and allow plenary proceedings to continue in the instant action, and such other and further relief as to the Court seems just and proper.

Date: April 2, 2018.
State of Connecticut, County of Fairfield.

Respectfully Submitted,

Ludys C. Nino
P.O. Box 4906
Greenwich, CT 06831

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF CONNECTICUT

Ludys C. Nino,

        Plaintiff,

-against-

COUNTRYWIDE HOME LOANS, INC.;
BANK OF AMERICA; INDYMAC; OCWEN
LOAN SERVICING, LLC, *et. al.*,

        Defendant(s).

Case No.3:18-cv-2086(JCH)

**AFFIDAVIT**
OF Ludys C. Nino
IN SUPPORT OF
MOTION FOR RECONSIDERATION
PURSUANT TO FRCP RULE 60(b)

**VERIFICATION**

STATE OF CONNECTICUT        }
                                               } ss:
COUNTY OF FAIRFIELD         }

    I, Ludys C. Nino, hereby verify that the following statements made herein are done under penalty of perjury of the laws of the United States of America per 28 U.S.C. § 1746:

    I, Ludys C. Nino, have personal firsthand knowledge of the foregoing statements in the Motion for Reconsideration that I have duly filed in the United States District Court for District of Connecticut. I affirm that those statements therein are true and correct to the best of my knowledge and as to those statements for which I have no personal knowledge, I believe them to be true.

Sworn to Before Me This
2nd day of April, 2019.

_Simone Akeisha Douglas_
Notary

Respectfully,

_[signature]_
Ludys C. Nino, Plaintiff

SIMONE AKEISHA DOUGLAS
Notary Public
Connecticut
My Commission Expires Mar 31, 2020

**CERTIFICATE OF SERVICE**

I, Ludys C. Nino, Plaintiff, hereby certify that a copy of the foregoing Motion for Reconsideration was duly served by U.S. Mail first class postage prepaid, fax and or email pursuant to the Federal Rules on April 2, 2019 to the following parties:

ZEICHNER ELLMAN & KRAUSE, LLP
Zachary Grendi, Esq.
35 Mason Street
Grendi, CT 06830

HALLORAN & SAGE, LLP
Brian D. Rich Esq.
225 Asylum Street
Hartford, CT 06103

_____
Ludys C. Nino, Plaintiff