UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Ludys C. Nino,

            Plaintiff,

-against-

COUNTRYWIDE HOME LOANS, INC., ET. AL.,

            Defendant(s).

Civil Case No. 3:18-cv-02086(JCH)

FILED
2019 APR 22  P 1: 37

## 26(F) Report

**Date Complaint Filed:** 12/19/2018.

**Date Complaint Served:** To the best of the undersigned's knowledge, Defendant OCWEN LOAN SERVICING, INC. (hereinafter, "OCWEN") and Mortgage Electronic Registration Systems, Inc. (hereinafter, "MERS") have been validly served with process.

    Defendant OCWEN was served on 1/3/2019.

    Defendant MERS was served on 1/2/2019.

    Defendant J.P. MORGAN CHASE was served on 1/2/2019

Date of Defendant's Appearance: OCWEN and MERS appeared on 1/22/2019.

Pursuant to *Fed. R. Civ. P.* 16(b), 26(f), *D. Conn. L. Civ. R.* 16 and this Court's Order dated, April 9, 2019 and to submit the 26f Scheduling Report by April 23, 2019., the Plaintiff attempted to confer with Defendant's Attorney, Zachary Bennett Grendi, on April 18, 2019, but was notified by Counsel's Secretary that Attorney Grendi would be unavailable until April 29, 2019. Attorney Peter Robert Meggars filed a Notice of Appearance 1/24/2019 to represent J.P. MORGAN CHASE but withdrew from the case on 4/4/2019 and is presumably replaced by

Attorney Brian D. Rich. Attorney Victoria Lynn Forcella filed an Notice of Appearance 2/8/2019 on behalf of Defendant OneWest Bank.

### Certification

Undersigned Plaintiff certifies that, after attempting consultation with the Defendant's Attorney and being advised that he was unavailable to discuss the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case because he was out on paternity leave until April 29, 2019, and the fact that the Court dismissed the Defendant(s) COUNTRYWIDE/BANK OF AMERICA, M&T BANK, INDYMAC and J.P. MORGAN CHASE as Party Defendant(s) to this Complaint that Plaintiff would file this 26f Scheduling Report without Defendant(s) Counsel's participation to be in compliance with the Court Clerk's Scheduling Order to have this 26f Report filed by April 23, 2019, and have developed the following proposed case management plan without Defendant's Counsel. Plaintiff further certifies that she has forwarded a copy of this report to their Defendant's Counsel as a courtesy.

I. **Jurisdiction.**

The Defendants contest this Court's jurisdiction to hear and decide the matter *sub judice*, all as more particularly set forth in their respective motions to dismiss. Plaintiff affirms that jurisdiction of the Court is proper in accordance with Title 28 U.S.C. §§ 1331, 1332 and Title 18 §§ 1961 & 1964(a) respectively. Plaintiff also affirms that service was process was valid upon the Agents of the Principal of all proper parties and that such service is duly filed with the Court.

II. **Brief Description of the Case.**

1. Plaintiff's Claims - On 12/21/2004, 1/5/2007 and 3/19/2007, respectively, the purported Original Lender(s) fraudulently induced Plaintiff into materially misrepresented Mortgage Loan Contracts using over inflated Appraisals of the Loan to Ratio Value of the subject property(s) of this Complaint. Defendant(s) who are Assignees, Beneficiaries or Servicers of the subject property(s), and their Agents, implemented the facilitation and perfection of the fraudulently induced Mortgages against Plaintiff that are the subject matter of this Complaint for the benefit of Defendant(s) OCWEN.

2. Defendant(s), and each of them, acts to implement, facilitate and assign the fraudulently induced Mortgage(s) that are the subject of this Complaint, is an act of corrupt enterprise in collusion with the purported Original Lender(s), the Defendant(s) named herein, and unknown others to be identified upon discovery, who defrauded Plaintiff of her equity and money in violation of Plaintiff's Rights pursuant to Title 18 §§ 1961 & 1964(a), respectively.

3. Plaintiff has delineated with specificity the cause of action giving rise to this Verifiable Civil R.I.C.O. Complaint in compliance with the Heightened Pleading Standard provisions of the FRCP Rules 8 and 9 and has effectively pleaded the relief Plaintiff is entitled to under the statutory rules of the Court.

4. To the best of Plaintiff's knowledge and belief, the purported Original Lender(s), and each of them, fraudulently induced Plaintiff into agreeing

with the over inflated Mortgage(s) that are the subject matter of this Complaint at the closing of the loan purchasing transaction, and by assigning MERS "nominee" of Plaintiff's Title(s), Defendant(s) effectively disenfranchised Plaintiff from any equitable rights over the subject property of this Complaint.

5. Defendant OCWEN and Defendant MERS never provided Plaintiff an opportunity to peruse the Original Wet Ink Promissory Note, nor did they sufficiently respond to the Plaintiff's inquiries about the Mortgage(s) at any time prior to the filing of this Complaint.

6. Plaintiff's Verifiable Civil R.I.C.O. Complaint assertions of fraud are made with specificity within said Complaint, and as such, also vitiates the enforceability of those fraudulently induced Mortgages, any affirmative defenses for claim preclusion under the Doctrines of Estoppel, *Rooker-Feldman* case law precedent or *res judicata* are irrelevant to this action because Plaintiff is not arguing any claim against a foreclosure judgment, Plaintiff's claims are targeted toward the lawfully appropriated valuation of the subject property of this Complaint, and whether Plaintiff is entitled to be reimbursed for overcharged monetary damages and usury.

A. Defendant's Defenses and Claims –

### III. Statement of Undisputed Facts.

A. Defendant(s) OCWEN and MERS are the successors and assigns to the Original Mortgages and conveyances therefrom.

B. Said mortgage(s) was subsequently assigned to Defendant OCWEN by Defendant MERS from the purported Original Lender(s) prior to commencement of this Verified Civil R.I.C.O. action. *Id.*

C. At all times relevant to this action, neither the Original Lender(s), Defendant OCWEN and Defendant MERS, never provided full disclosure to Plaintiff, either through Qualified Written Requests or requests for discovery in any other case.

D. Plaintiff's Schedule B listing of personal property contains no reference to any of the claims pleaded by her in the Complaint.

### IV. Case Management Plan.

A. *Standing Order on Scheduling in Civil Cases*:

The parties request modification of the deadlines in the *Standing Order on Scheduling in Civil Cases* as set forth below:

Plaintiff - Plaintiff respectfully requests the Court allow discovery and case management to proceed in accord within the regularly specified manner in the Standing Order on Scheduling in Civil Cases.

Defendant(s) -

B. The Plaintiff does not request a pretrial conference with the Court before entry of a Scheduling Order pursuant to *Fed. R. Civ. P.* 16(b).

Defendant –

C. *Early Settlement Conference.*
   1. Plaintiff - the Plaintiff has considered the desirability of attempting to settle the case and requests an early settlement conference.
   
   Defendant(s) -
   
   2. The parties do not request a referral for alternative dispute resolution pursuant to *D. Conn. L. Civ. R.* 16.

D. *Joinder of Parties and Amendment of Pleadings.*
   1. No additional time is needed for Plaintiff to file Motions to join additional parties or to file Motions to Amend the pleadings. Plaintiff reserves the Right to request additional time to file Motions or to amend the pleadings or to name additional parties as needed upon discovery.

E. *Discovery.*
   1. The Defendant(s) -
   2. Discovery will not be in phases.

3. All discovery requests will be <u>exchanged</u> on, or before, sixty days after decision on defendant's pending Motion to Dismiss. Each side will be limited to no more than five (5) depositions.

4. Plaintiff reserves the Right to request more than five (5) depositions as the discovery process may reveal that more than five (5) depositions are needed.

5. The parties may request permission to serve more than twenty-five (25) interrogatories.

6. A damages analysis be provided to serve no more than sixty days following this Court's decision on defendants' pending motions to dismiss.

**F.** *Dispositive Motions.*

Dispositive motions will be filed no later than one hundred and fifty days following this Court's decision on the pending motions to dismiss.

**V.   TRIAL READINESS.**

The case will be ready for trial one hundred and eighty days following this Court's decision on the pending Motions to Dismiss.

Dated: April 22, 2019.

Respectfully Submitted,

*/s/ Ludys C. Nino*
Ludys C. Nino

CERTIFICATE OF SERVICE

I, Ludys C. Nino, hereby certify that on April 22, 2019, I sent a true and correct copy of the foregoing 26f Scheduling Report via first class United States Post Office mail to the following:

ZEICHNER ELLMAN & KRAUSS, LLP
c/o Zachary Bennett Grendi
35 Mason Street
Greenwich, CT 06830

STRADLEY RONON STEVEN & YOUNG, LLC
c/o Jacqueline Aiello
100 Park Avenue
New York, N.Y. 10017

_____
Ludys C. Nino