UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUDYS C. NINO | : | |
|     Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:18-CV-2086(JCH) |
| v. | : | |
| | : | |
| COUNTRYWIDE HOME LOANS, | : | |
| INC., ET AL. | : | JUNE 4, 2019 |
|     Defendants. | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS (DOC NO. 53)
AND PLAINTIFF'S OBJECTION (DOC. NO. 72).**

**I.   INTRODUCTION**

Plaintiff, Ludys C. Nino ("Nino") brings this pro se action against defendants Countrywide Home Loans, Inc. ("CHL"); Bank of America, N.A. ("BOA"); Indy Mac;[1] Ocwen Loan Servicing, LLC ("Ocwen"); JP Morgan Chase Bank, N.A. ("JPMC"); OneWest Bank ("CIT");[2] Mortgage Electronic Registration Systems, Inc. ("MERS"); M&T Bank Corporation ("M&T"); and various Jane and John Does.  See Complaint (Doc. No. 1) at 4–5.  Nino alleges that the defendants committed fraud, in violation of Connecticut law, and violated the Racketeer Influenced Corrupt Organizations Act (RICO), by misrepresenting the appraisal value of two properties and fraudulently inducing Nino into entering into mortgages on those properties.  See Compl. ¶¶ 113–18.

The court previously dismissed Nino's claims against CHL, BOA, IndyMac, JPMC, CIT (OneWest Bank), and M&T.  See Ruling (Doc. No. 57).  The court also

---

[1] According to the website for the Federal Deposit Insurance Corporation ("FDIC"), the FDIC completed the sale of IndyMac to OneWest Bank on March 19, 2009.  See "Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA," Federal Deposit Insurance Corporation, available at https://www.fdic.gov/bank/individual/failed/indymac.html.  The court takes judicial notice of this fact.

[2] CIT Bank noted in its filings that it was formerly known as OneWest Bank.  See Motion to Dismiss Plaintiff's Complaint (Doc. No. 24) at 1.  The court therefore refers to the defendant's current trade name, CIT.

dismissed Nino's claims against the various John and Jane Does.  See Order (Doc. No. 71).  Before the court is defendants MERS and Ocwen's Motion to Dismiss (Doc. No. 53).  Also before the court is Nino's Objection to this court's Ruling dismissing her claims against all other defendants and this court's Order dismissing Nino's claims against the Doe defendants.  See Objection (Doc. No. 72).

For the reasons stated below, the Motion to Dismiss is **GRANTED**, and Nino's Objection is **DENIED**.

II.     **NINO'S OBJECTION**

Nino objects to this court's dismissal of her claims as to CHL, BOA, IndyMac, JPMC, CIT (OneWest Bank), and M&T, as well as this court's Order dismissing her claims against unnamed John and Jane Doe defendants.  See Objection (Doc. No. 72) at 1.  The court liberally construes this Objection as a Motion for Reconsideration.  See, e.g., McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (noting the Second Circuit "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest").

The standard for granting a Motion for Reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F. 3d 255, 257 (2d Cir. 1995) (citations omitted).

Nino's Objection raises many of the same arguments as her Complaint ("Compl.") (Doc. No. 1), her Objections to the prior Motions to Dismiss (Doc. Nos. 26, 37), and her prior Motion for Reconsideration (Doc. No. 59).  She argues that the

defendants fraudulently inflated property values in relation to mortgage agreements, resulting in damage to her. See Objection (Doc. No. 72) at 2 ¶ 3. Nino argues that the court's conclusion, in its prior Ruling, that Nino's claims were time barred because she could have discovered the alleged fraud through a reasonable inquiry, was "arbitrary and capricious." See id. at 2. As an initial matter, Nino's subjective disagreement with the court's Ruling, standing alone, is not sufficient to warrant reconsideration. See, e.g., Rotundo v. Vill. of Yorkville, No. 6:09-CV-1262, 2011 WL 1558685, at *2 (N.D.N.Y. Apr. 25, 2011) ("Simply because plaintiffs disagree with the outcome of the . . . motion does not permit them to reargue the issue on a motion for reconsideration."). To the extent that Nino's request for reconsideration is based only on her disagreement with the court's Ruling, it is denied.

    A.    Civil RICO Claims

Nino further argues that the continuing violations doctrine excepts her civil RICO claims from the applicable statute of limitations. See Objection (Doc. No. 72) at 3–4. Nino argues that "the fraudulent acts of Defendant(s) . . . are such that it has [sic] not abated and is ongoing . . . which will be much more evident upon completion of discovery." Id. However,

> [t]he continuing violations doctrine does not apply under RICO; instead RICO actions are subject to a rule of separate accrual, meaning that each time a plaintiff discovers or should have discovered an injury caused by the defendant's violation of the statute, a new cause of action arises as to that injury, regardless of when the actual violation occurred.

Hilow v. Rome City Sch. Dist., No. 6:14-CV-288, 2015 WL 893050, at *9 n.10 (N.D.N.Y. Mar. 2, 2015) (citing Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1105 (2d Cir. 1988) (quotations and alterations omitted)). A plaintiff, therefore, has a right to sue, even after

3

the statute of limitations has run as to the underlying racketeering activity, when a "new and independent injury is incurred from the same [RICO] violation." 421-A Tenants Ass'n, Inc. v. 125 Court St. LLC, 760 F. App'x 44, 50 (2d Cir. 2019). An injury is not independent of the alleged underlying RICO violation where it is caused in material part by the original fraud. See id.

Here, Nino has not alleged any injury independent of the underlying alleged RICO violation. The "alleged misconduct" noted in the Complaint included the following: (1) misrepresentation of the value of properties in loan documents; (2) false overstatement of property values in loan documents; and (3) understatement of a loan-to-value ratio in loan documents. Compl. ¶ 71. Nino alleges that she has suffered injury in the form of underwater mortgages, see Objection (Doc. No. 72) at 2–3, but—as Nino herself argues—that injury is caused by the original conduct of misrepresenting property values in the loan documents. Therefore, Nino's alleged injury is not a "new, independent injury" falling outside of the RICO statute of limitations. See 421-A Tenants Ass'n, Inc., 760 F. App'x at 50 (concluding that injuries caused by renewal of leases were not independent of underlying RICO violation because renewal leases used illegally-inflated initial rent amount to calculate rent increases). Nino's request for reconsideration of the dismissal of her civil RICO claims is denied.

B. Connecticut Fraud Claims

Though she does not differentiate between her federal and state claims, the court reads Nino's Objection to argue that the continuing violations doctrine also excepts her Connecticut fraud claims from the applicable statute of limitations. See Objection (Doc. No. 72) at 2–3. Fraud claims in Connecticut are subject to a three-year statute of

4

limitations.  See Conn. Gen. Stat. § 52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."). While section 52-577 generally bars claims brought three years after the tortious conduct occurred, "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Stuart v. Snyder, 125 Conn. App. 506, 510 (2010) (alteration in original).  Nino argues that her claims are not time-barred because "the repercussions of [the defendants'] fraudulent business practice is still ongoing and unabated as a Continuing Violation of Plaintiff's equitable rights to her property."  Objection (Doc. No. 72) at 2 ¶ 3.

However, Nino's Complaint fails to allege facts sufficient to raise an inference of a continuing course of conduct.  Her claim under Connecticut law is rooted in the alleged failure of the defendants to "provide Value to attach to the Plaintiff's Mortgage and Promissory Note at the inception of the Mortgage transaction."  Compl. ¶ 117.  The Complaint alleges no actions by the defendants beyond the initial "failure to provide [value]" which would support an inference of "some later wrongful conduct of a defendant related to the prior act."  Stuart, 125 Conn. App. At 511 (2010).  Because the Complaint fails to plausibly allege that the defendants engaged in a continuing course of conduct, Nino's Objection, insofar as it seeks reconsideration of the court's dismissal of the fraud claims brought pursuant to Connecticut law, is denied.

    C.    <u>Doe Defendants</u>

Nino also belatedly seeks to respond to this court's April 2, 2019 Order to Show Cause why the John and Jane Doe defendants should not be dismissed for failure to identify them, failure, to serve them, and failure to prosecute.  See Order to Show

Cause (Doc. No. 60).  When Nino failed to respond to the Order to Show Cause, the court dismissed all claims against the Doe defendants.  See Order (Doc. No. 71).  Nino now argues that the Doe defendants were included in the Complaint because she "does not know the names of the auditors and bookkeepers who have first-hand knowledge" of various mortgage note and loan-related documents.  Objection (Doc. No. 72) at 9 ¶ 25.  Nino argues that she "has a right to know the auditor or bookkeeper who has personal first-hand knowledge of who provided the money" to fund the disputed loans.  Id. at 8 ¶ 21.

The court understands Nino to argue that the John and Jane Doe defendants were placeholders for unknown bookkeepers and auditors, which individuals have information pertinent to Nino's claims.  In that regard, Nino seeks to name potential witnesses as defendants.  She alleges no fraudulent acts by these Doe defendants in her Objection, and the Complaint contains no allegations as to any conduct by any Doe defendants, nor by any bookkeepers or auditors.  Thus, the court finds no basis to reconsider its Ruling dismissing the claims against the Doe defendants.  Nino's Objection, insofar as it seeks such reconsideration, is denied.

### III. MOTION TO DISMISS

#### A. Standard of Review

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. Id. However, when reviewing a motion to dismiss, the court must accept the factual allegations in the operative complaint as true and draw all reasonable inferences in the non-movant's favor. See Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in a complaint or in documents attached to a complaint as exhibits or incorporated in a complaint by reference. "Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Such matters include facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

B.  Allegations

The court assumes familiarity with the facts of this case, as described in its prior Ruling on various motions. See Ruling (Doc. No. 57) at 5. The court incorporates by reference the allegations of the Complaint as summarized in its prior Ruling.

C.  Discussion

Defendants MERS and Ocwen joined in and incorporated by reference the arguments raised in the Motions to Dismiss already ruled on by this court. See Memorandum of Law in Support of Motion to Dismiss ("Mem. in Supp.") (Doc. No. 53-2)

7

at 2. The defendants argue that Nino's claims are time-barred, that the Complaint fails to plead a plausible claim for relief under RICO, and that this court should abstain from exercising subject matter jurisdiction under the Colorado River and Younger abstention doctrines. Id. at 1–2.

In its prior Ruling, the court concluded that Nino's RICO claims were time-barred because "[a]ny manipulation of the loan-to-fair-market-value ratios of each of the properties could and should have been discovered by a reasonably diligent purchaser of ordinary intelligence at the time the mortgages were executed." Id. at 7. The court concluded that, even under a more lenient view of when she should have become aware of her injury, Nino should have become aware of the harm caused by the alleged fraudulent activity of the defendants at the time of any of the following events: (1) "storm warnings" of fraudulent loan practices in 2010; (2) publications in 2010 and 2011 "detailing the predatory lending practices" she alleges in her Complaint; (3) Nino's involvement, as early as April 2010, as a party in a foreclosure action related to one of the properties at issue in this case. See id. at 7–8. Running from the date of the foreclosure action, the latest possible date by which the statute of limitations would have barred a RICO action would be April 2014, while Nino did not bring her current claim until December 2018. Id. at 9. For the same reasons noted in its prior Ruling, the court concludes that Nino's RICO claims against MERS and Ocwen are time barred.

As it concluded in its prior Ruling, the court also finds that the Connecticut fraud claims against the defendants are time barred because such claims are subject to a three-year statute of limitations. See Conn. Gen. Stat. § 52-577 ("No action founded

8

upon a tort shall be brought but within three years from the date of the act or omission complained of."). As the Connecticut Appellate Court has explained:

> The three year limitation period of § 52–577, therefore, begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. . . . The relevant date of the act or omission complained of, as that phrase is used in § 52–577, <u>is the date when the negligent conduct of the defendant occurs and not the date when the plaintiffs first sustain damage</u>. . . . <u>Ignorance of his rights</u> on the part of the person against whom the statute has begun to run, <u>will not suspend its operation.</u>"

<u>Kidder v. Read</u>, 150 Conn. App. 720, 726–27 (2014) (alterations in original) (emphasis added). Here, the acts complained of took place between 2004 and 2007, and any claim brought in 2018 is barred by the express words of section 52-577. As noted above, the Complaint fails to plausibly allege that the defendants engaged in a continuing course of conduct such that section 52-577 would not apply. <u>See</u> <u>supra</u>, at 4–5. Nino's fraud claims under Connecticut law against Ocwen and MERS are therefore dismissed.

## IV. CONCLUSION

For the foregoing reasons, Nino's Objection (Doc. No. 72) is **DENIED**. The defendants' Motion to Dismiss (Doc. No. 53) is **GRANTED**. The Clerk is Ordered to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 4th day of June 2019.

<u>/s/Janet C. Hall</u>
Janet C. Hall
United States District Judge